hKNOLL, Judge,
dissenting.
This appeal turns entirely on whether Winn Dixie exercised reasonable care under the circumstances.
The majority correctly cites the law applicable to slip and fall actions, but then proceeds to completely misapply that law to the facts before it. As explained in Stockwell v. Great Atlantic & Pacific, 583 So.2d 1186 (La.App. 1 Cir.1991), the store owner is not required to keep its aisles and passageways in perfect condition; rather the store owner must make reasonable efforts to keep its premises safe. Reasonableness is deter *722 mined by such factors as the volume of business, the time of day and the section of the store where the accident takes place. Id. In the ease sub judice, the relevant time period was between 9:00 and 9:30 p.m., close to the store’s closing time, 10:00 p.m. There is no evidence that customer traffic was anything but the infrequent nighttime shoppers one would expect at that hour. Moreover, it had been raining hard all day and it was not determined whether the water was coming from the roof or the produce cases. Finally, the potential hazard was in a narrow hallway in the rear of the store and away from any distracting, displayed merchandise. Under these circumstances, the Winn Dixie manager decided that placing warning cones and periodic mopping were sufficient safety measures until he could determine the source of the leak and whether to get a roofer or a plumber.
_jjThe majority, in finding these precautions were not reasonable, cites several alternatives. Other available alternative measures do not render a reasonable course taken by a store owner unreasonable, as the majority implies. The measures taken by Winn Dixie in the case sub judice are reasonable precautions that most store owners utilize for wet floor areas. The majority effectively wipes out this measure of precaution as unreasonable and places a higher burden on store owners than required by law. The majority’s rationale would require a store owner to close its aisles or doors to customers when there are wet spots on the floor.
The majority is simply not applying the law and jurisprudence correctly. It is placing an unreasonable burden on a store owner and effectively has made the store owner the insurer of the customers’ safety. The majority’s holding is clearly erroneous. Because I find Winn Dixie’s measures of precaution were reasonable, I respectfully dissent.